UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIM GOINS,

          Petitioner,          Case No. 2:16-cv-13473
                                     Hon. Sean F. Cox

v.

J.A. TERRIS,

          Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Tim Goins, ("Petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary hearing conducted by the Bureau of Prisons (BOP) which resulted in the loss of 41 days of good-time credits and 60 days of phone and commissary privileges. The sanctions stemmed from Petitioner's failure to provide a urine sample. The petition raises four claims: 1) Petitioner's equal protection rights were violated by the failure of the BOP to make special accommodations to collect his urine sample; 2) the BOP inconsistently applies policies regarding urine sample collection; 3) Petitioner's statements during disciplinary proceedings were entitled to a liberal construction; and 4) the BOP failed to follow its own procedures.

For the reasons stated below, the petition will be **DENIED**.

I. Background

Petitioner was sentenced on August 9, 2011, by the United States District Court for the Eastern District of Michigan to a 144 month term of imprisonment and 15 years of supervised release for his conviction of receipt of child pornography, in violation of 18 U.S.C. § 2252A (A)(2).

On May 9, 2015, a BOP staff member filed an incident report charging Petitioner with refusing to provide a urine sample. Dkt. 5, Ex. 2. The report indicates that on that date Petitioner was called for a random urinalysis test. Petitioner was instructed on the procedure and given eight ounces of water. Two hours after he drank the water, and after being given multiple opportunities to do so, Petitioner failed to provide a urine sample. Petitioner was subsequently interviewed by the lieutenant responsible for investigating the incident, and Petitioner stated that he "cannot pee in front of anybody." *Id.* Petitioner was provided with a copy of the incident report the following day.

The report was referred to the Unit Discipline Committee. An initial hearing was held on May 13, 2015. After being advised of his rights, Petitioner told the committee that he "didn't refuse," but he "just couldn't go." *Id.* The committee referred the incident to a Discipline Hearing Officer for further proceedings.

Petitioner was provided with written notice of the second hearing before a discipline hearing officer. Dkt. 5, Ex. 3-4. The hearing was held on May 28, 2015. Dkt. 5, Ex. 5. The hearing officer reviewed Petitioner's due process rights with him. Petitioner told the hearing officer, "I tried. I wanted to go, I just couldn't. Throughout my whole life going to games and public restrooms and urinals I just can't go and end up going back to my seat still having to go." *Id.*, at Sec. III.

The hearing officer made the following findings:

After careful consideration, the DHO found you committed the prohibited act of Code 110, Refusing to Provide a Urine Sample, based on the greater weight of the evidence as presented above. Specifically, section 11 of the incident report where staff documented you were instructed to provide a urine sample and given eight ounces of water. You were asked multiple times if you had to use the bathroom, you could not complete the urinalysis. The DHO considered your denial and your claim that you cannot pee in front of another person; however, you were instructed to produce a urine sample and did not provide a urine sample. You provided no evidence to support your claim that you cannot go pee in front of another person. Therefore, greater weight was given to the reporting officer's written reports. There is some evidence to support that you refused to provide a urine sample, based upon

2

the reporting officers documented report and the greater weight of the evidence; all shows you committed the prohibited act.

*Id.*, at Sec. V.

Petitioner was sanctioned with the loss of 41 days of good-conduct time and 60 days of phone and commissary privileges. *Id.*, at Sec. VI. Those sanctions fall within the guidelines established by BOP policy. *See* 28 C.F.R. § 541.3. The Discipline Hearing Officer's report was delivered to Petitioner on June 11, 2015. *Id.* at Sec. IX.

Petitioner appealed the disciplinary action to the North Central Regional Office. Dkt. 5, Ex. 6. Petitioner claimed that prison staff violated Program Statement 6060.08, Urine Surveillance and Narcotic Identification, and 28 C.F.R. § 550.31 by failing to offer him an alternative method to provide the urine sample after he indicated he could not provide a urine sample in front of another person. Petitioner's appeal was denied by the regional director for administrative appeals on the following basis:

> Not providing a urine sample in the allotted two hour time frame is considered a refusal. At no time during the disciplinary process did you state you may have a psychological issue that would preclude you from providing a urine sample. If this reason was your defense, it should have been provided to the DHO during the hearing. However, this issue was not raised at the time of your DHO hearing and your requests to address the issue with Psychology Services occurred after the DHO hearing.

Dkt. 5, Ex. 6

Petitioner then appealed the decision to the Central Office for Inmate Appeals. *Id.* The administrator for national inmate appeals concurred with the findings of the regional director, and Petitioner's appeal was denied on May 31, 2016. *Id.*

## II. Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is

proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). Petitioner's current application is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed.

The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass*, 63 F.3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Id.* (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)); *See also Falkiewicz v. Grayson*, 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In determining whether a decision of a prison disciplinary board is supported by evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams*, 63 F.3d at 486 (citing *Hill*, 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Moreover, the evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz*, 271 F. Supp. 2d at 948. Thus, a hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt, or find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith*, 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

In the present case, there was some evidence to support the decision to find Petitioner guilty of refusing to provide a urine sample. Namely, the reporting officer's statement indicated that Petitioner refused to provide a urine sample after drinking eight ounces of water and being asked to provide a sample over a two-hour period. Although Petitioner stated that he was unable to provide a urine sample, the hearing officer was entitled to place greater weight on the report that Petitioner

was given water and sufficient time. During the administrative appeal process Petitioner claimed that he may suffer from "paruresis" or "shy bladder syndrome." But the regional director found that Petitioner failed to present any evidence of this disorder at the hearing despite an opportunity to do so. Accordingly, there is at least "some evidence" supporting the administrative decision.

Petitioner asserts that he is aware of at least two occasions where other prisoners were provided with a private setting to produce a urine sample. He asserts that BOP staff's refusal to allow him the same accommodation violated his right to Equal Protection, that his statements should have alerted staff to the need for a special accommodation, and that BOP staff inconsistently applied and violated BOP policy in attempting to collect his sample. These arguments are unavailing.

To the extent Petitioner argues that the BOP failed to follow its own rules or failed understand his complaints as asserting a psychological problem, such allegations do not constitute violations of federal law cognizable under § 2241. *Miller v. Terris*, 2:13-cv-12635, 2013 WL 6801157, at *3 (E.D. Mich. Dec. 23, 2013) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)). Likewise, Petitioner's after-the-fact claim that he suffers from paruresis is inconsequential, particularly in the absence of any proffer of evidence indicating that Petitioner has actually been medically diagnosed with the affliction. *See Sawyer v. Hollingsworth*, 2005 U.S. Dist. LEXIS 50171, *10-11 (D. Minn. May 12, 2005).

Even if the these arguments were cognizable they would not provide a basis for relief. The relevant BOP policy states in part:

> Staff may consider supervising indirectly an inmate who claims to be willing but unable to provide a urine sample under direct visual supervision. For example, this might be accomplished by allowing the inmate to provide the sample in a secure, dry room after a thorough search has been made of both the inmate and the room.

BOP Program Statement 6060.08, sec. 9(a).

By its terms, the policy states that staff *may* consider an alternate procedure for obtaining a urine sample. The fact that staff exercised their discretion to provide alternate accommodations on two other occasions but not in Petitioner's case, without more, does not establish a violation of this discretionary policy.

Petitioner's Equal Protection claim also fails. Conclusory allegations that a prisoner's equal protection rights were violated are insufficient to establish an equal protection claim warranting habeas relief. *Perez v. Hemingway*, 157 F. Supp. 2d at 795. And prisoners are not a suspect class for purposes of equal protection. *See Jackson v. Jamrog*, 411 F. 3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson*, 230 F. 3d 840, 843 (6th Cir. 1998); *Perez*, 157 F. Supp. 2d at 795. Petitioner has offered this Court no evidence that he was treated differently from other prisoners on an impermissible basis. Thus, any differences in treatment between Petitioner and the two other prisoners he references does not entitle Petitioner to habeas relief.

### III. Order

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: February 8, 2017                                s/Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge

I hereby certify that on February 8, 2017, the foregoing document was served on counsel of record

6

via electronic means and upon Tim Goins via First Class mail at the address below:

Tim Goins 45077-039
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                                                    s/J. McCoy
                                                    Case Manager